**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Metro Living LLC, et al., | No. CV-22-00556-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Engineering and Environmental Consultants Incorporated, et al., | |
| Defendants. | |

**I.  BACKGROUND**

Plaintiffs Metro Living LLC, Metro Living in Moon Valley LLC, and Justin Johnson (collectively "Metro") initiated this action in Arizona Superior Court. Defendants Travelers Property Casualty Company of America and Phoenix Insurance Company (collectively "Travelers") removed to this Court, asserting diversity of citizenship. (Doc. 1 at 2.) The Notice of Removal acknowledges that another defendant, Engineering and Environmental Consultants Inc. ("EEC"), did not take part in the removal. The Notice mistakenly stated that EEC is a California corporation; it is not but, instead, it is domiciled in Arizona. (*Id.*; Doc. 16-1.) EEC's residency notwithstanding, the Notice avers that EEC should be realigned as a plaintiff for the purposes of establishing diversity jurisdiction. (Doc. 1 at 2–3.)

The matter presently before the Court is Metro's Motion to Remand. (Doc. 16.) Metro advances two arguments. First, Metro argues that diversity jurisdiction is not present here because it and EEC are both Arizona residents. (*Id.* at 6.) Second, Metro asserts that

the Notice of Removal is defective because Travelers lacks EEC's consent to removal. (*Id.* at 7). Travelers' opposition (Doc. 19) expands on its realignment argument and adds that EEC is a nominal party and its consent for removal is not required. For the reasons explained below, the Court agrees with Travelers and denies the Motion to Remand.

## II.  LEGAL STANDARD

A defendant may remove a case filed in state court to district court if the action could have originally been filed in the district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction of all civil actions arising under federal law or where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. §§ 1331, 1332(a). "A motion to remand is the proper procedure for challenging removal." *Moore-Thomas v. Ala. Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Because the removal statute is strictly construed, "any doubt about the right of removal requires resolution in favor of remand." *Id.* The burden is on the party opposing remand to prove the existence of subject-matter jurisdiction. *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018).

## III.  LEGAL ANALYSIS

Travelers, as the party with the burden to establish that removal is proper, asserts that diversity of citizenship between the parties is a proper basis for subject-matter jurisdiction if EEC is treated as a nominal party or realigned as a plaintiff. (Doc. 19); 28 U.S.C. § 1332(a). Travelers' fellow defendant EEC shares state citizenship with the Metro Plaintiffs, though, which would ordinarily defeat jurisdiction in the absence a sufficient justification for removal.

### A.  Realignment

Travelers first asserts that EEC should be realigned as a plaintiff because its interests are not truly adverse to Metro's. (Doc. 19 at 7.) Metro argues that realignment in this context is not supported by Ninth Circuit precedent and the current line of cases should not be extended here. (Doc. 20 at 4–6.)

It is the "duty. . . of the lower federal courts [] to look beyond the pleadings and

arrange the parties according to their sides in the dispute." *Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 16 n.5 (1989). The Court has "broad authority" to realign the "parties whose interests coincide respecting the primary matter in dispute." *Scott's Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1156–57 (9th Cir. 2012) (internal quotations omitted). The Court considers whether both parties "would benefit from a decision against the [defendant]" in determining if the interests are sufficiently aligned. *Dolch v. United Cal. Bank*, 702 F.2d 178, 181 (9th Cir. 1983). "Realignment may be required even if diversity of interests exists on other issues." *Id.*

Although the Ninth Circuit has not dealt precisely with realignment in cases seeking insurance coverage, other Circuit Courts have held that the insured party and the injured party should be aligned together against the defendant, "even where the parties' interests were in opposition outside of the issues raised in the subject action." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1314 (11th Cir. 2012). In that case, the injured party, having previously obtained a state court judgment against the insured party, sued both the insured party and the insurer to recover the insurance proceeds. *Id.* at 1312. The court affirmed the lower court's denial of remand and decision to realign the insured party with the plaintiff, since it was "clear that [plaintiff] did not seek any relief from [insured party]." *Id.* at 1314.

After reviewing the First Amended Complaint (Doc. 18), the Court is satisfied that the interests of Metro and EEC are consistent, such that the parties should be realigned for the purpose of establishing diversity jurisdiction. Metro alleges that it "provides protection to EEC. . . from further exposure to monetary loss for Metro's claims" in exchange for "the assignment of rights, claims, and causes of action that EEC has or may acquire against Travelers." (*Id.* ¶ 54.) Additionally, in exchange for EEC's rights against Travelers, "Metro has agreed not to execute the judgment against EEC beyond the assigned assets." (*Id.* ¶ 55.) Counts Two and Three of the Complaint are asserted against Travelers (*Id.* ¶¶ 62–77), while Count One (*Id.* ¶¶ 57–61) seeks declaratory relief against EEC, with the caveat that Metro will not execute a judgment against EEC. (*Id.* ¶ 55.) Thus, nothing in the Complaint

persuades the Court that there is any true opposition between Metro and EEC, at least with respect to the issues raised in this action. *Vestavia Hills*, 676 F.3d at 1314.

Metro argues that Travelers' "positions. . . could nullify the agreement and expose EEC to liability and/or damages, . . . frustrating and divorcing Metro's and EEC's previously coinciding interests." (Doc. 16 at 9.) This argument, however, cuts against the "primary purpose test" discussed in *Dolch*. 702 F.2d at 181. Even if parties have adverse interests outside of the immediate case, the Court must still align them regarding the "primary matter in dispute." *Scott's*, 688 F.3d at 1157. The issues in this case involve the assignment of rights from EEC to Metro and Metro's ability to pursue claims against Travelers directly. (Doc. 18.) EEC's liability to Metro is not at issue here because the parties entered a stipulated judgment. (*Id.* ¶ 40.) Thus, the Court will realign EEC as a plaintiff, thereby creating complete diversity in this case.[1]

### B. Nominal Parties

As an alternative to realignment, Travelers argues that EEC is a nominal party, so its citizenship should not be considered when evaluating diversity jurisdiction. (Doc. 19 at 13.) Metro argues that (1) Travelers did not raise this argument in its initial Notice of Removal and thus waived it; and (2) EEC does have an interest in the litigation, so it cannot be treated as a nominal party. (Doc. 20 at 6.) The issue of realignment is dispositive here, as discussed above, but the Court will briefly discuss whether EEC should be treated as a nominal party.

"Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261,

---

[1] Metro also asserts that realignment is not proper because all defendants must consent to the removal. (Doc. 16 at 7.) This argument is unpersuasive, as EEC is now treated as a plaintiff for jurisdictional purposes. *See Christensen L. Offs, LLC v. Christensen*, No. 21-15887, 2022 WL 777217, at *2 (9th Cir. Mar. 14, 2022) (holding that the defendant "reasonably argued the [defendants realigned as plaintiffs] were not required to consent, as they were plausibly assigned as plaintiffs."). Metro's second argument, under the forum defendant rule (Doc. 16 at 8), fails under similar reasoning. *See Telekenex, Inc. v. Axis Reinsurance Company*, No. C12-1617-JCC, 2012 WL 13028156, at *3 (W.D. Wash. Nov. 27, 2012) (holding that the forum defendant rule does not apply if the parties can be properly realigned).

1266 (9th Cir. 1999). Removal is improper if the "removal notice [is] facially defective and the deficiencies [are not] cured within the thirty-day statutory period." *Id.*

If a notice of removal is procedurally correct, the Court will "ignore the citizenship of nominal or formal parties who have no interest in the action and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." *Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000). If a party serves "as a mere stakeholder, [the Court need] not realign them as plaintiffs for purposes of determining jurisdiction." *Id.* "The paradigmatic nominal defendant is 'a trustee, agent, or depositary. . . [who is] joined purely as a means of facilitating collection.'" *Thompson v. U.S. Bank Nat'l Assn.*, No. 5:20-cv-02107-EJD, 2020 WL 3268663, at *3 (N.D. Cal. June 17, 2020) (quoting *SEC v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998)), *aff'd*, 2021 WL 5176460 (9th Cir. Nov. 8, 2021). It is often the case that a nominal defendant has "has no legitimate claim to the disputed property" and "there is no claim against him." *Id.*

Here, the Court does not find that the Notice of Removal (Doc. 1) is "facially defective." The Notice states that "EEC . . . faces no exposure in this case as Plaintiffs' claims are directed to Travelers only." (*Id.* at 3.) Although the Notice does not explicitly state that EEC is a "nominal party," Plaintiff does not cite to, and the Court is not aware of, any case law requiring courts to evaluate a notice for removal with such exacting standards regarding a party's word choice.[2] *See, e.g.*, *Hom v. Serv. Merch. Co.*, 727 F. Supp. 1343, 1345, (C.D. Cal. 1990) (denying motion to remand even though defendant filed a "petition" for removal, as opposed to the "notice" required by statute). The Court finds that Travelers has adequately explained "the absence of any co-defendants in the notice for removal." *Prize Frize,* 167 F.3d at 1266.

The Court also concludes that, in lieu of realigning EEC as a plaintiff, EEC could be treated as a nominal defendant for the purposes of establishing jurisdiction. As noted in both the Notice of Removal and the Complaint, EEC "faces no exposure" from the present

---

[2] And the Court finds that Travelers has not waived its nominal defendant argument for the same reasons.

- 5 -

action. (Doc. 1 at 3; Doc. 18 ¶¶ 54, 55.) The "sole dispute" here is a declaration of rights, namely, whether Travelers "bears liability for any claims Plaintiffs could allegedly state against EEC." (Doc. 1 at 3.) EEC's presence in the lawsuit is more akin to that of a "mere stakeholder" because EEC assigned Metro all of its rights to pursue claims against Travelers. *Prudential*, 204 F.3d at 873. So, the Court finds that EEC could be properly treated as a nominal party, such that complete diversity could also be met without realignment. For the reasons stated above, however, the Court will realign EEC as a plaintiff in this action.

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Metro Living, LLC's Motion to Remand (Doc. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that the oral argument scheduled for August 11, 2022, related to the Motion to Remand (Doc. 16) is **VACATED**. Although oral argument was requested, both parties have fully briefed the issues relating to remand and oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).

**IT IS FURTHER ORDERED** that the parties' oral argument on the Motion to Dismiss/Motion for a More Definite Statement (Doc. 21) remains set for hearing on August 11, 2022, at 2:30 PM.

Dated this 5th day of August, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge